STATE OF MAINE                         SUPERIOR COURT
PENOBSCOT, SS.                         CIVIL ACTION
                                       Docket No. CV-07-9
                                       JLH - PEN-2/6/2007

FILED & ENTERED
SUPERIOR COURT

AUG 0 6 2007

PENOBSCOT COUNTY

Sunbury Primary Care, P.A.,
        Plaintiff/Counterclaim
        Defendant

        v.                             Order (Motion to Disqualify;
                                       Motions to Amend)

Jennifer Trimble,
        Defendant/Counterclaim
        Plaintiff

DONALD L. GARBRECHT
LAW LIBRARY

JAN 07 2008

Pending before the court are Sunbury Primary Care, P.A.'s motion to disqualify

Jennifer Trimble's counsel of record from further representation of her in these

proceedings, and each parties' motion to amend their claims against the other. The court

has reviewed the parties' submissions on these motions.

## A. Motion to disqualify

Sunbury has moved to disqualify Trimble's attorney, Gregory A. Brodek, Esq.

and his law firm, Duane Morris LLP, because Brodek formerly represented Sunbury in

matters that included the development of its model contract used to establish the terms of

employment between Sunbury and physicians whom it employs. The court grants the

motion.

The parties do not dispute the applicable provisions of law. The Maine Bar Rules

provide in pertinent part that

> a lawyer shall not commence representation adverse to a former client without
> that client's informed written consent if such new representation is substantially
> related to the subject matter of the former representation. . . .

M.Bar.R. 3.4(d)(1)(i). A three-step inquiry is used to determine whether the scope of

former representation of one client is "substantially related" to the scope of subsequent

representation of the other client. The court must first determine the scope of the former

representation, then determine whether it may be reasonably inferred that the former

representation involved confidential communications, and then finally determine whether

1

that information is relevant to the successive matter. *See Adam v, MacDonald Page & Co.*, 644 A.2d 461, 463 (Me. ____). Further, although the court must be mindful of the specter that a motion to disqualify may be used for inappropriate strategic gain, when legitimate disqualification questions are raised, they are to be answered with doubts yielding to disqualification. *Casco Northern Bank v. JBI Ass'd, Ltd.*, 667 A.2d 856, 859-61 (Me. 1995).

Here, the record submitted by the parties reveals that between 1995 and September 1999, Brodek was a partner in the law firm of Kozak, Gayer & Brodek, P.A. The firm represented Sunbury as its general counsel. Although several attorneys practicing with the Kozak firm were involved in that representation, Brodek himself was the senior partner in the firm representing Sunbury and the person in the Kozak firm to whom Sunbury representatives often turned on legal matters. He had considerable personal involvement in matters within the scope of the Kozak firm's representation of Sunbury. Of particular importance here is the fact that between October 1998 and January 1999, Brodek worked with representatives of Sunbury to develop a model or template employment contract to be used in defining the rights and liabilities of Sunbury as an employer and physicians whom it hired as employees. The model contract that Brodek helped to develop included terms directly at issue in this case, including, among others, financial penalties imposed on a physician-employee upon separation from employment in certain circumstances. As part of Brodek's work in the development of the model contract, he worked on and exchanged with Sunbury representatives several drafts of the instrument. He also attended at least one meeting of Sunbury's Board of Directors to discuss the employment agreement. Brodek also provided specific guidance about the inclusion of non-compete provisions in the employment contract and the benefits and protection it would provide to Sunbury.

The terms of the model contract and the Trimble contract establishing limitation on the practice of former Sunbury physicians bear considerable similarity. The duration of the limitation, the geographical scope of the limitation and the amount of liquidated damages are not identical. However, the qualitative terms are materially the same in the model instrument as in Trimble's particular contract, and the Trimble contract includes

2

all of the quantitative terms encompassed in the model contract, although there are some differences in the actual quantities found in the two documents.

Brodek separated from the Kozak firm in October 1999 and became affiliated with Duane Morris. Sunbury remained Brodek's client until late 2002. Through that time, Duane Morris, largely through Brodek, continued to serve as Sunbury's general counsel.

Trimble entered into an employment relationship with Sunbury in October 2005. Because Duane Morris and Brodek no longer represented Sunbury at that time, Brodek had no involvement in the negotiations leading to Sunbury's employment of Trimble or in any other matters involving Trimble's employment or this litigation.

Notwithstanding this temporal separation, the court concludes that Brodek's prior representation of Sunbury, which included internal and confidential guidance he provided to Sunbury on the very issues at the center of this case, requires his disqualification and that of his present law firm from representation of Trimble. The record demonstrates that Brodek's work was instrumental in the development of Sunbury's model employment contract that forms the basis for Sunbury's claims against Trimble. At least as significant as this, Trimble – through Brodek -- has asserted a claim against Sunbury challenging the enforceability of the portions of the contract, which he himself participated in creating, purporting to expose Trimble to post-separation limitations.

When a judicial action arises from a noncompetition agreement and other related provisions of an employment contract such as the recital of liquidated damages, almost invariably a central issue is the reasonableness of those terms. *See, e.g., Brignull v. Albert*, 666 A.2d 82, 84 (Me. 1995). Here, Brodek's worked with Sunbury in creating a model instrument that included such terms. In the court's view, it is inevitable that proper guidance and counsel provided by an attorney to a client in that setting would include communications about what terms might be adjudicated to be reasonable, and what terms are susceptible to a contrary result. Also inevitably, those discussions between an attorney and his client would address strengths and weaknesses of prospective terms of a model employment contract relating to limitations and damages imposed on a separated employee. Trimble's challenges to the contract, presented both as defenses and as an affirmative counterclaim, are based directly on those issues that, the

3

court reasonably infers, were the subject of confidential communications between Brodek and Sunbury representatives. Thus, the court concludes that the *Adam* test is met here and that Brodek and Duane Morris must be disqualified from representing Trimble in this action.

Trimble contends that Sunbury provided a sufficient consent to the participation of Brodek and Duane Morris, when it agreed to Trimble's motion for admission *pro hac vice* of another attorney, based out-of-state, who is affiliated with the firm. The court does not view this circumstance as one that meets the standard of Maine Bar Rule 3.4(d)(1)(i). Even if it did, Sunbury's agreement to the motion for admission *pro hac vice* could not be seen to amount to a valid consent by Sunbury of Brodek's representation of Trimble in this case. Brodek had already entered his appearance when he filed Trimble's responsive pleading (which included Trimble's counterclaim challenging the enforceability of portions of the Sunbury-Trimble employment contract). Therefore, Sunbury's response to that motion has no material bearing on the motion at bar.

Finally, the record on the motion at bar suggests that it took some time for Sunbury to gather information that underlies its motion to disqualify. Under the circumstances outlined in Sunbury's submissions, the court cannot find that it acted in a dilatory way.

### B. Trimble's motion to amend her counterclaim

Trimble has moved for leave to amend her counterclaim to add a count for abuse of process. Sunbury's opposition is based largely on an evaluation of the factual basis for such a claim. Those arguments may well have merit. However, Sunbury's arguments make is apparent that any such disposition of the prospective claim requires consideration of a factual record that, at this stage of the case, does not exist. Trimble filed her motion to amend within the time presumptively allowed for such amendments to a party's pleadings. Without addressing the issues that require a factual predicate, the court grants the motion.

### C. Sunbury's motion to amend its complaint

Sunbury has moved to amend its complaint to include tort claims for negligent misrepresentation and fraudulent misrepresentation. Trimble opposes the motion,

4

primarily on the ground that the additional proposed claims could not provide Sunbury the basis for relief against her. The court concludes that Trimble's challenges to the merits of the proposed counts do not rise to the point where the counts must be deemed futile. Further, a substantial portion of the factual basis for the proposed claims arose from discovery responses produced by Trimble after the expiration of the presumptive deadline for motions to amend the parties' pleadings. Thus, even though Sunbury filed its motion to amend after the time allowed for such motions in the standard scheduling order, the court will grant the motion.

The entry shall be:

For the foregoing reasons, the plaintiff's' motion to disqualify is granted. Gregory A. Brodek, Esq. and the law firm of Duane Morris LLP are disqualified as counsel of record for the defendant in this action.

The defendant's motion to amend her counterclaim is granted. The amended counterclaim is allowed.

The plaintiff's motion to amend its complaint is granted. The amended complaint is allowed.

Dated: August 3, 2007

_____
Justice, Maine Superior Court

SUNBURY PRIMARY CARE VS JENNIFER TRIMBLE
UTN:AOCSsr  -2007-0006511                    CASE #:BANSC-CV-2007-00009
---------------------------------------------------------------------------
SUNBURY PRIMARY CARE                                  PL
ATTY DUDDY, MICHAEL  Tel# (207) 775-1020
ATTY ADDR:53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
ATTY BOXER-MACOMBER, LAURI  Tel# (207) 775-1020
ATTY ADDR:53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597

JENNIFER TRIMBLE                                      DEF
ATTY BRODEK, GREGORY  Tel# (207) 262-5400
ATTY ADDR:88 HAMMOND STREET, SUITE 500 BANGOR ME 04401
ATTY ATTORNEY, VISITING
ATTY ADDR:- -     -


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.