STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, SS.                       CIVIL ACTION
                                        DOCKET NO. CV-07-092

RECEIVED & FILED<sup>[?]</sup>

SISTERS OF CHARITY HEALTH
SYSTEM, INC.,                           ANDROSCOGGIN
                                        SUPERIOR COURT

        Plaintiff

    v.                                  DECISION AND JUDGMENT

DOUGLAS FARRAGO, M.D.,
CAROLYN KASE, D.O., and
RAYMOND STONE, D.O.,

        Defendants


This is an action tried to the court wherein the plaintiff seeks damages and injunctive relief to enforce the terms of an employment contract.[1]

Sisters of Charity Health System, Inc. (SOCHS) and the defendants entered into employment contracts in 2003. (*See* exhibits 71, 72, and 73 entitled "Agreement for Professional Services") In all material aspects they were identical and provided a section for "Limitation of Practice." Each of the defendants terminated their employment with SOCHS effective December 31, 2006, at which time each of them became employees of Central Maine Medical Center (CMMC).[2]

Paragraph 15 of the employment agreements (Agreement) addresses the issue of termination by either or both parties. Under some circumstances, there would be no penalty or restrictions upon the defendants continuing to practice in the Lewiston-

---

[1] During the trial process, the court was informed that Central Maine Medical Center (CMMC), the defendants' current employer has agreed to indemnify the defendants for any damages that may be awarded to plaintiff, even though it is not a party. The court is not aware of the terms, conditions, or limitations.

[2] To the extent that the court sets out facts, they constitute findings of fact by a preponderance of evidence unless otherwise noted.

Auburn area; however, the plaintiff says that the defendants do not fall into any of the exceptions.

Paragraph 17 of the Agreements places limitations upon the defendants if they separate their services from SOCHS without consent or in violation of the agreement.

The defendants voluntarily terminated their relationship with SOCHS on December 31, 2006. The plaintiff seeks to invoke the restrictions of paragraph 17A; which, in essence, prohibits the defendants from directly or indirectly practicing medicine "in the employ of or under contract with Central Maine Healthcare Corporation (CMHC) or any of its affiliates or subsidiaries . . . within a radius of 25 miles of 99 Campus Avenue, Lewiston, Maine, for a period of two (2) years from the date of termination." Agreement, exhibits 71, 72, 73, & ¶ 17A.

The Agreement further provides that a defendant could avoid the territorial and time limitations on practice by maintaining active admitting privileges at St. Mary's and "maintains no staff or admitting privileges at Central Maine Medical Center . . . [or the] physician may practice medicine in breach of this restrictive covenant . . . with the written consent of the Employer's [SOCHS] Chief Executive Officer." Agreement, ¶ 17A. It is undisputed that the defendants do not fall into any of these exceptions.

In a separate section of the Agreement, paragraph 17B, the parties mutually agreed that the restrictive covenant "is reasonable as to duration, geographic area and the nature of the practice protected." Agreement, ¶ 17B.

Thus, the limitation on practice is not absolute. Even after separation from SOCHS, each defendant could continue to practice locally without restriction by paying $100,000 to SOCHS as liquidated damages. This is essentially a "buy-out" to be released from the restrictive covenants. The Agreement specifically refers to it as

2

representing SOCHS's "reasonable liquidated damages, and is not a penalty." Agreement, ¶ 17C.[3]

Because the physicians do not fall into any one of the recognized exceptions, SOCHS claims it is entitled to injunctive relief in addition to any other rights or remedies it may have, including attorney fees and costs. Agreement, ¶ 17D.

The contracts at issue are between SOCHS and each defendant. As SOCHS employees, their physician services were leased to Community Clinical Services (CCS), one of several subsidiaries under the SOCHS health care umbrella. CCS is a physician office practice that maintains a number of separate physician offices in the greater Lewiston-Auburn area. Each of the defendants worked at the Court Street Family Practice (CSFP) office in Auburn. At the time they terminated their employment, there were approximately 4800 patients at CSFP. The evidence shows that after the defendants left their affiliation with SOCHS and contracted with CMMC that 1374 patients transferred their records from SCFP to CMMC. Although it is not known why all of them transferred, it is a fair inference that many of them did so to continue their relationship with the defendants as their treating physicians.

SMRMC and CCS are separate legal entities but clearly fall under the SOCHS umbrella of management, services and financing. Through an employee leasing arrangement, SOCHS provides the physician services to enable CCS to render services at its multiple locations.

The defendants argue that SOCHS is the sole party to the contract and that it has not incurred any damages because St. Mary's Regional Medical Center (SMRMC) and CCS are separate entities that were the direct beneficiaries of defendants services.

---

[3] It is more than curious to the court that the defendants' new contracts with CMMC are significantly more restrictive upon separation than the contracts at issue here, which they claim are unenforceable for a number of reasons.

3

The court finds that although there are multiple entities involved here, they are all under the overall umbrella and management of SOCHS and directly or indirectly support SMRMC, the primary business of SOCHS in Lewiston. SOCHS had a legitimate interest in protecting the viability of SMRMC as a quality general hospital in central Maine.

The contractual limitation on practice here is unambiguous. Its interpretation is a question of law. *See Reid v. Town of Mount Vernon*, 2007 ME 125, ¶ 29, 932 A.2d 539, 546-47.

The plaintiff urges the court to find that the defendants entered into the contracts in bad faith and that they never intended to honor the limitations or restrictions on termination. This is supported by the testimony of defendant Raymond Stone. *See* Trial Transcript (TT), p. 18, lines 7-22. He takes this position because the contract was presented to him as a done deal, non-negotiable, and he believed he did not have any option other than except to sign it; nevertheless he did, and the plaintiff provided her and the other defendants with compensation, a patient base, and facilities for examination and treatment of patients.

The court finds that the provision for Limitation of Practices is reasonable and integral to the contract.

The defendants argue that the restrictive covenants of the contract are against public policy. The court acknowledges that in an ideal world, anybody should be free to go when and where they want to pursue and practice their profession, especially physicians who, presumably, are providing for the public good. Unfortunately, medicine and healthcare today are big business and the governing corporate entities must act to protect their continued viability to provide for the overall well-being of its patient base and the community.

4

The reasonableness of a non-competition covenant is a question of law that must be determined by the facts developed in each case as to its duration, geographical area, and the interests sought to be protected. *See Brignull v. Albert*, 666 A.2d 82, 84 (Me. 1995).

The purpose of the Limitation of Practice was to prevent the defendants from taking the patients and/or good will of CSFP and CCS. *See* TT (Keiler), pp. 119-20, lines 19-13; pp. 182-84, line 24-4. This is supported by the limited geographic scope (25 miles) and limited duration (2 years); i.e, it would be less likely that patients would follow the defendants if they relocated more than twenty-five miles from Lewiston or they returned to the local area after two years. The scope of the limitation of practice is, accordingly, reasonable to affect its intended purpose.[4]

SOCHS had an obvious and legitimate business interest in preventing the defendants from taking patients from CCS. First, as a condition of CCS being approved by the federal government, SOCHS was required to guarantee that it would cover CCS's annual operating losses—which it has done and continues to do. *See* TT (Keiler), p. 110, lines 13-22; pp. 112-14, lines 21-3. In light of this obligation, SOCHS would necessarily suffer direct injury if the defendants terminated their employment and their patients followed them from CFSP and CCS to CMMC.[5]

---

[4] The defendants have acknowledged that the limitation of practice is, in fact, less restrictive than the practice limitation contained in their current employment contracts with CMMC. *See* TT (Stone), pp. 94-95, lines 11-5.

[5] SOCHS also had a legitimate business interest in having the defendants retain their staff privileges at SMRMC even if they chose to terminate their employment with SOCHS. In this regard, the valuable benefits derived by SMRMC if physicians retain staff privileges include the physician's obligation to participate in quality assurance and peer review, participate in on-call rotation for emergency services, care and consultation, serve on medical staff committees, supervision of provisional appointees and allied health professionals, and a variety of other services (set forth in paragraph 2 of the respective employment contracts), all of which have "a tremendous value to the organization." *See* TT (Keiler), pp. 121-22, lines 21-13.

In addition to the federal government's requirement that it guaranty CCS's economic viability, SOCHS also had a historical and practical interest in preventing employed physicians from taking its patients. SOCHS is an integrated healthcare system which supports and manages a variety of sponsored entities, including SMRMC and CCS, and is the entity representing the consolidated financial statements for the *entire* healthcare system.[6]

Although CCS as a corporation is in good standing, it is not currently and has never been an economically viable entity by itself.[7] *See* TT (Kasabian), pp. 206-07, lines 10-7. In order to best serve the Lewiston-Auburn community and maintain the presence of primary care providers, SOCHS provides CCS with millions of dollars every year, without which CCS would cease to operate and the community would be deprived of necessary medical services. *See* TT (Keiler, pp. 111-12, lines 19-3. SOCHS's commitment to the community, as evidenced by its historical support of CCS, gives it an equitable basis to protect CCS from sustaining additional losses, including the loss of patients.

The defendants assert that the Limitation of Practice is unenforceable since it improperly seeks to influence referral patterns of physicians who terminate their

---

[6] The degree of integration is evidenced by the fact that SOCHS controls a single depository bank account for it and its subsidiaries, including CCS and SMRMC. *See* TT (Kasabian), p. 207, lines 8-18. Funds within that account are not actually transferred by and between the parent and subsidiaries—but are "reallocated" or "renamed" on an internal schedule maintained by SOCHS. *See* TT (Kasabian), pp. 207-8, lines 19-10. SOCHS has complete control of these internal reallocations and could enter them at any time and for any reason it so chooses. With respect to its subsidization of CCS, SOCHS used to first reallocate funds from SMRMC (which generates virtually all income for the health system) to SOCHS, and then reallocate those same funds again to CCS. SOCHS discontinued this burdensome process a few years ago in favor of simply reallocating funds from SMRMC to CCS. *See* TT (Kasabian), pp. 209-10, lines 10-20.

[7] At all relevant times, CCS had two employees: an executive director and social worker. All of CCS's support and maintenance staff are employed by SOCHS—as are the more than sixty physicians who work at CCS. And, although CCS is contractually obligated to pay SOCHS for these various services, SOCHS has forgiven such payments as a component of its continued subsidization of CCS. *See* TT (Keiler), pp. 188-91, lines 6-24.

6

employment and wish to remain in the Lewiston-Auburn community. More specifically, the defendants argue that the intent and practical result in the Limitation of Practice is to force them to either refer all or most of their patients to SMRMS or pay SOCHS $100,000 for the ability to refer their patients elsewhere;[8] however, each of the defendants testified that their *only* consideration in making referrals is in the best interests of their patients and that nothing could induce them to deviate from that principle. *See* TT (Stone), pp. 48-51, lines 12-9; p. 93, lines 11-20. The defendants further admitted that while employed at CCS they referred patients to CMMC and still refer patients from their practice at CMMC to SMRMC. *See* TT (Stone), p. 51, lines 13-24; pp. 85-86, lines 22-2; pp. 98-99, lines 16-8.

The difficulty in estimating damages is further evidenced by the fact that some patients will obviously generate more revenue than others over time and it is essentially impossible to determine which patients will in fact leave or how much revenue those patients would generate. *See* TT (Kasabian), pp. 287-89, lines 10-2.

Finally, the evidence establishes that it takes approximately two to three years for a replacement physician to generate income at a level commensurate with that of an established physician—and that this is more difficult when the formerly employed physician remains in the local community (as opposed to the physician leaving the service area). *See* TT (Keiler), pp. 182-84, lines 24-4.

The defendants also initially testified that the Limitation of Practice prevented them from having their patients admitted to CMMC for in-patient services (again, under the assumption that they terminated with SOCHS, remained in the Lewiston-Auburn area, retained their privileges with SMRMC, and did not have privileges at

---

[8] The defendants would be free to refer their patients to any hospital other than SMRMC except to CMMC.

7

CMMC). Aside from the fact that in-patient service referrals represent a very small percentage of the defendants' total referrals, this argument is also contradicted by the evidence. In this regard, the defendants testified that most admissions to CMMC are now done through its hospitalist program, and that they could, at any time, have had their patients admitted to CMMC through a hospitalist even if they did not have staff or admitting privileges at CMMC. *See* TT (Stone), pp. 96-97, lines 17-18.

In sum, the evidence establishes that the Limitation of Practice does not effect patient referrals and, therefore, is not against policy.

When the contract was executed, it was not possible to gauge the patient impact loss if the defendants, as they did, were to become subjects in the raiding game as CMMC enticed them away from SOCHS.

The limitation on practice was aimed at just this scenario. The doctors' departures under almost any other circumstances would not have such an adverse impact.

With the potential of losing a substantial portion of CSFP's revenue, and recognizing that it takes several years for a replacement physician to develop a full panel of patients, the court finds that the $100,000 liquidated damage figure presents "a good-faith attempt to fix a sum as the equivalent of the prospective injury." *See Raisin Mem'l Trust v. Casey*, 2008 ME 63, ¶ 16, 956 A.2d 1211, 1215 (citations omitted).[9]

## CONCLUSION

Each of the defendants had a bona fide legal contract between them and SOCHS. Each of the contracts clearly contemplated that their services may be assigned to other

---

[9] The reasonableness of the $100,000 liquidated damage figure is further supported by the fact that the defendant's current employment contract with CMMC uses an identical figure. *See* TT (Keiler), p. 115, lines 4-24.

8

entities within SOCHS health care family. The court finds that the plaintiff is entitled to judgment and enforcement of the restrictions in paragraph 17 of the contracts. The clerk will make the following entries as the Decision and Judgment of the court:

A.  Judgment for plaintiff Sisters of Charity Health Systems, Inc., against defendant Douglas Farrago, M.D., on Count I of the complaint.

B.  Judgment for plaintiff Sisters of Charity Health Systems, Inc., against defendant Carolyn Kase, D.O., on Count II of the complaint.

C.  Judgment for plaintiff Sisters of Charity Health Systems, Inc., against defendant Raymond Stone, D.O. on Count III of the complaint.

D.  The court determines that to enforce the contract by prohibiting the defendants from practicing in the local area and from referring or admitting patients to Central Maine Medical Center would not be in the best interests of over 1300 patients and is detrimental to their healthcare needs and the adverse impact to the patients would outweigh any harm to the plaintiff.

E.  Whereas the liquidated damages provision of each contract is reasonable under the circumstances, it is ordered, adjudged, and decreed that the plaintiff is awarded damages of $100,000 to be paid by each defendant, severally.

F.  Plaintiff, Sisters of Charity Health Systems, Inc. is entitled to costs and interest as allowed by statute and rule.[10]

G.  The plaintiff is awarded reasonable attorneys fees. Counsel for plaintiffs shall submit to the court a statement of services relative to prosecution of plaintiff's claims, supported by affidavit. Counsel for defendants may oppose the request pursuant to M.R. Civ. P. 7(c)(2).

SO ORDERED.

DATED: May 3, 2010

Thomas E. Delahanty II
Justice, Superior Court

---

[10] Prejudgment interest is allowed at 7.99% and post-judgment interest at 6.41%.

SISTERS OF CHARITY HEALTH SYSTEM, INC - PLAINTIFF

Attorney for: SISTERS OF CHARITY HEALTH SYSTEM, INC
JAMES MARTEMUCCI  - RETAINED 04/27/2007
GERMANI MARTEMUCCI  RIGGLE & HILL
43 DEERING STREET
PORTLAND ME 04101


Attorney for: SISTERS OF CHARITY HEALTH SYSTEM, INC
KENNETH J ALBERT III - RETAINED 04/27/2007
NORMAN HANSON & DETROY
100 LISBON STREET
PO BOX 7230
LEWISTON ME 04243-7230


Attorney for: SISTERS OF CHARITY HEALTH SYSTEM, INC
L JOHN TOPCHIK  - RETAINED 11/24/2008
GERMANI MARTEMUCCI  RIGGLE & HILL
43 DEERING STREET
PORTLAND ME 04101



vs
DOUGLAS FARRAGO MD - DEFENDANT
,
Attorney for: DOUGLAS FARRAGO MD
MICHAEL POULIN  - RETAINED 05/14/2007
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


Attorney for: DOUGLAS FARRAGO MD
MARC N FRENETTE  - RETAINED 10/30/2008
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


CAROLYN KASE DO - DEFENDANT
,
Attorney for: CAROLYN KASE DO
MICHAEL POULIN  - RETAINED 05/14/2007
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


Attorney for: CAROLYN KASE DO
MARC N FRENETTE  - RETAINED 10/30/2008
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


RAYMOND STONE DO - DEFENDANT

**DOCKET RECORD**

Attorney for: RAYMOND STONE DO
MICHAEL POULIN  - RETAINED 05/14/2007
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200

Attorney for: RAYMOND STONE DO
MARC N FRENETTE  - RETAINED 10/30/2008
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 04/27/2007

## Docket Events:

04/27/2007 FILING DOCUMENT - COMPLAINT FILED ON 04/27/2007

04/27/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
           ATTORNEY - RETAINED ENTERED ON 04/27/2007
           Plaintiff's Attorney: JAMES MARTEMUCCI

04/27/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
           ATTORNEY - RETAINED ENTERED ON 04/27/2007
           Plaintiff's Attorney: KENNETH J ALBERT III

04/27/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 04/27/2007

04/27/2007 Party(s):  CAROLYN KASE DO,RAYMOND STONE DO
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/27/2007

04/27/2007 Party(s):  CAROLYN KASE DO,RAYMOND STONE DO
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/23/2007

04/27/2007 Party(s):  DOUGLAS FARRAGO MD
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/27/2007

04/27/2007 Party(s):  DOUGLAS FARRAGO MD
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/23/2007

05/15/2007 Party(s):  DOUGLAS FARRAGO MD
           ATTORNEY - RETAINED ENTERED ON 05/14/2007
           Defendant's Attorney: MICHAEL POULIN

           Party(s):  CAROLYN KASE DO
           ATTORNEY - RETAINED ENTERED ON 05/14/2007
           Defendant's Attorney: MICHAEL POULIN

           Party(s):  RAYMOND STONE DO
           ATTORNEY - RETAINED ENTERED ON 05/14/2007
           Defendant's Attorney: MICHAEL POULIN

05/15/2007 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 05/14/2007

05/15/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - APPROVAL ATTACH/TRUSTEE PROC FILED ON 04/24/2007
          WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING;DEFS' OPPOSITION FILED 5/14/07;
          REC'D 05-22-07:  PLTS REPLY FILED. REC'D 5-30-07: DEFS' OBJ AND MOTION TO STRIKE PLT'S
          REPLY MEMORANDUM AND SUPPLEMENTAL AFFIDAVIT FILED.

05/15/2007 ORDER - SCHEDULING ORDER ENTERED ON 05/15/2007
          ELLEN A GORMAN , JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

05/15/2007 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 01/15/2008

05/15/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 05/15/2007
          ELLEN A GORMAN , JUSTICE

05/29/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - APPROVAL ATTACH/TRUSTEE PROC DENIED ON 05/25/2007
          ELLEN A GORMAN , JUSTICE
          AS COURT CANNOT FIND, BASED ON DOCUMENTS FILED, THAT PLAINTIFF IS MORE LIKELY THAN NOT TO
          RECOVER JUDGMENTS OF $250,000 AGAINST EACH INDIVIDUAL DEFENDANT.  COPIES TO COUNSEL ON 5-
          29-07

06/22/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/22/2007
          PLT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEF FARRAGO MD, KASE MD
          AND STONE DO; PLT'S INTERROGATORIES PROPOUNDED UPON DEFS FARRAGO MD, KASE ME AND STONE DO
          SERVED ONTO MICHAEL POULIN ESQ ON 6/21/07

07/16/2007 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 07/13/2007
          AGREED TO USE KENNETH LEHMAN ESQ

08/01/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/30/2007
          PLT FOR THE DESIGNATION OF EXPERT WITNESSES

08/03/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/03/2007
          ELLEN A GORMAN , JUSTICE
          PLT SHALL DESIGNATE ITS EXPERTS ON OR BEFORE AUGUST 29, 2007  COPIES TO COUNSEL ON 8-3-07

08/17/2007 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/16/2007
          ANSWERS TO INTERROGATORIES PROPOUNDED UPON DEF'S AND RESPONSES TO PLT'S FIRST REQUEST FOR
          PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEF'S SERVED ONTO JAMES MARTEMUCCI ESQ ON 8/16/07

08/21/2007 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/20/2007
          DEFS' REQUEST FOR ADMISSIONS UNDER RULE 36 SERVED ONTO JAMES MARTEMUCCI ESQ ON 8/17/07

08/23/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/23/2007
DEFS' SECOND REQUEST FOR ADMISSIONS UNDER RULE 36 SERVED ONTO JAMES MARTEMUCCI ESQ ON
8/22/07

08/29/2007 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/28/2007
DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON PLAINTIFF SERVED  ON JAMES F
MARTEMUCCI ESQ ON 8/27/2007

08/30/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/30/2007
ADR DEADLINES

08/30/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/30/2007
PLT'S DESIGNATION OF EXPERTS SERVED ON MICHAEL R POULIN ESQ. ON 8/29/2007

08/31/2007 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 08/30/2007
DEF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON PLT SERVED ON JAMES
MARTEMUCCI ESQ. ON 8/30/2007

09/05/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/31/2007
ELLEN A GORMAN , JUSTICE
ADR TO BE COMPLETED BY 11-16-07  COPIES TO COUNSEL ON 9-5-07

09/17/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/17/2007
PLT'S RESPONSE TO DEF'S FIRST REQUEST FOR ADMISSIONS AND PLT'S RESPONSE TO DEF'S SECOND
REQUEST FOR ADMISSIONS SERVED ON MICHAEL POULIN ESQ ON 9/14/07

09/18/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/18/2007
PLTS OBJECTIONS TO DEF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND PLT OBJECTIONS TO DEF
INTERROGATORIES SERVED ON MICHAEL R POULIN ESQ. ON 9/17/2007

09/27/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/24/2007
FOR SUPPLEMENTING DESIGNATION OF PLAINTIFF'S EXPERT WITNESSES

09/28/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 09/27/2007
ELLEN A GORMAN , JUSTICE
PLT SHALL SUBMIT SAID SUPPLEMENTATION OR OR BEFORE 10-19-07.  COPIES TO COUNSEL ON 9-27-07

10/02/2007 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 09/28/2007
FOR DESIGNATION OF EXPERT WITNESSES

10/04/2007 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC

DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/04/2007
DEF'S SECOND SET OF INTERROGATORIES PROPOUNDED UPON PLT SERVED ON JAMES      MARTEMUCCI ESQ
ON 10/3/07

10/05/2007 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/04/2007
JOYCE A WHEELER , JUDGE
DEFENDANT SHALL SUBMIT SAID DESIGNATION ON OR BEFORE DECEMBER 19, 2007.  COPIES TO COUNSEL
ON 10-4-07

10/05/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/05/2007
PLT'S OBJECTIONS TO DEF'S SECOND SET OF INTERROGATORIES SERVED ON MICHAEL  POULIN ESQ ON
10/4/07

10/24/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/22/2007
SUPPLEMENT TO PLT'S EXPERT WITNESS DESIGNATION SERVED ON MICHAEL POULIN ESQ ON 10/19/07

10/24/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
OTHER FILING - DESIGNATION OF EXPERT WITNESS FILED ON 10/22/2007
SUPPLEMENTAL DESIG OF EXPERT WITNESSES

10/31/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/29/2007
PLT'S RESPONSES TO DEF'S FIRST REQUEST FOR PRODUCTION OF DOCS AND PLT'S ANSWERS TO DEF'S
FIRST SET OF INTERROGATORIES SERVED ON MICHAEL POULIN ESQ ON 10/25/07

11/15/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/15/2007
FOR ADR CONFERENCE

12/05/2007 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/30/2007
JOYCE A WHEELER , JUDGE
ADR SHALL BE COMPLETE ON OR BEFORE JANUARY 21, 2008.  COPIES TO COUNSEL ON 12-05-07

12/18/2007 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 12/17/2007
DEF THIRD REQUEST FOR ADMISSIONS UNDER RULE 36 SERVED ON KENNETH ALBERT ESQ ON 12/14/07

12/27/2007 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION EXTEND DISCOVERY FILED ON 12/26/2007
WITH DRAFT ORDER

01/08/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION EXTEND DISCOVERY GRANTED ON 01/07/2008
JOYCE A WHEELER , JUDGE
DISCOVERY DEADLINE IS MARCH 15, 2008.  COPIES TO COUNSEL ON 1-8-08

01/08/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 03/15/2008

01/11/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC

DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/10/2008
NOTICE TO TAKE ORAL DEPOSITIONS OF NANCY FANNON, DOUG MILLER AND SUSAN KEILER SERVED ON
JAMES MARTEMUCCI, ESQ. ON 1-9-08

01/11/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/10/2008
PLT'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES SERVED ON MICHAEL POULIN, ESQ.
ON JANUARY 8, 2008

01/15/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/11/2008
PLT'S RESPONSE TO DEFENDANTS' THIRD REQUET FOR ADMISSIONS SERVED ON MICHAEL POULIN, ESQ.
ON JANUARY 10, 2008

01/28/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC,DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND
            STONE DO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/28/2008
PLAINTIFFS NOTICE TO TAKE DEPOSITION OF DOUGLAS FARRAGO MD PLAINTIFFS NOTICE TO TAKE
DEPOSITION OF RAYMOND STONE DO AND PLAINTIFFS NOTICE TO TAKE DEPOSITION OF CAROLYN KASE DO
SERVED TO MICHAEL R PULIN ESQ ON JANUARY 28, 2008

01/29/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/25/2008
ADR DEADLINES

01/31/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/30/2008
JOYCE A WHEELER , JUDGE
ADR DEADLINE EXTENDED TO APRIL 15, 2008  COPIES TO COUNSEL ON 1-30-08

02/19/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/19/2007
PLAINTIFFS RESPONSE TO DEFENDANTS FOURTH REQUEST FOR ADMISSIONS SERVED TO MICHAEL R.
POULIN ESQ ON FEB 14, 2007

02/21/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/21/2008
NOTICE TO TAKE CORPORATE DEPOSITION OF CHARITY HEALTH SYSTEM INC , COMMUNITY CLINICAL
SERVICES INC AND OF ST MARYS REGIOAL MEDICAL CENTER SERVED TO JAMES F MARTEMUCCI ESQ AND
KENNETH J ALBERT ESQ ON FEB 20, 2008

02/28/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/28/2008
PLAINTIFFS SUPPLEMENTAL RESPONSE TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED TO MICHAEL R. POULIN ESQ ON FEB 27, 2008

02/28/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/28/2008
PLAINTIFFS AMENDED NOTICE TO TAKE DEPOSTION OF CAROLYN KASE DO SERVED TO MICHAEL R. POULIN
ESQ ON 2-25-08

03/06/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/05/2008

PLAINTIFFS OBJECTION TO DEFENDANTS NOTICE TO TAKE CORPORATE DEPOSITIONS OF SISTERS OF
CHARITY HEALTH SYSTEM INC. SERVED TO MICHAEL R. POULIN ESQ ON 3-3-08

03/06/2008 Party(s): DOUGLAS FARRAGO MD
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 03/06/2008
DEFENDANT

03/07/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/07/2008
PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS SERVED ON MICHEAL POULIN, ESQ. ON MARCH 6, 2008

03/11/2008 HEARING - 26(G) CONFERENCE HELD ON 03/10/2008
JOYCE A WHEELER , JUDGE
Defendant's Attorney: MICHAEL POULIN
Plaintiff's Attorney:  JAMES MARTEMUCCI
JOHN GEISMAR, ESQ. 1) DEF TO TAKE SOCHS DEPO FIRST. REQUEST #4 TO SUBPOENA TO BE
PRODUCED. 2) DEF MAY THAN TAKE CCS AND ST MARY'S DEPOS RESERVING FOR PLTS RIGHT TO OBJECT
TO SUBPOENA CONNECTED TO DEPO NOTICES 3) PLTS SHALL ANSWER INT #7,8,9; PLTS SHALL RESPOND
TO REQUESTS 2C, 14C, 15C, 16C.  COPIES TO COUNSEL ON 3-11-08

03/25/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/25/2008
PLAINTIFFS SUPPLEMENTAL RESPONSES TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND PLAINTIFFS SUPPLEMENTAL ANSWERS TO DEFENDANTS FIRST SET OF INTERROGATORIES SERVED TO
MICHAEL R. POULIN ESQ ON 3-21-08

04/03/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
OTHER FILING - WITNESS LIST FILED ON 04/02/2008

04/03/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
OTHER FILING - EXHIBIT LIST FILED ON 04/02/2008

04/03/2008 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 04/02/2008

04/17/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION TO AMEND PLEADING FILED ON 04/14/2008
SCHEDULING ORDER  REC'D 04-15-08:  PLT'S PARTIAL OBJECTION FILED.

04/22/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION TO AMEND PLEADING GRANTED ON 04/18/2008
JOYCE A WHEELER , JUDGE
THE DEADLINE FOR DEFENDANTS TO FILE A MOTION FOR SUMMARY JUDGMENT IS EXTENDED TO MAY 5,
2008.  COPIES TO COUNSEL ON 4-22-08

04/30/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 04/30/2008
PLAINTIFFS SUPPLEMENTAL RESPONSES TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED TO MICHAEL R POULIN ESQ ON 4-28-08

05/02/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION TO AMEND PLEADING FILED ON 05/01/2008
SCHEDULING ORDER WITH PROPOSED ORDER

05/06/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION TO AMEND PLEADING GRANTED ON 05/05/2008
JOYCE A WHEELER , JUDGE
THE DEADLINE FOR DEFENDANTS TO FILE A MOTION FOR SUMMARY JUDGMENT IS EXTENDED TO MAY 19,
2008. COPIES TO COUNSEL ON 5-6-08

05/20/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION SUMMARY JUDGMENT FILED ON 05/19/2008
WITH MEMORANDUM OF LAW, AND ATTACHMENTS WITH PROPOSED ORDER REC'D ON 7/25/08 PLT'S
OBJECTION TO MOTION WITH PLT'S OPPOSING STATEMENT OF FACTS, AFFIDAVIT OF NANCY FANNON AND
SUSAN KEILER. REC'D ON 8/8/08 DEF'S REPLY STATEMENT OF MATERIAL FACTS AND REPLY MEMORANDUM

06/05/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/05/2008
PLT'S ASSENTED TO MOTION TO EXTEND TIME FOR PLT TO OPPOSE DEF'S MOTION FOR SUMMARY
JUDGMENT

06/05/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/05/2008
JOYCE A WHEELER , JUDGE
COPIES TO PARTIES/COUNSEL

06/30/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 06/27/2008
MOTION TO ENLARGE TIME TO OPPOSE DEF'S MOTION FOR SUMMARY JUDGMENT (OVER DEF OBJECTION)

07/01/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 06/27/2008
JOYCE A WHEELER , JUDGE
COPIES TO PARTIES/COUNSEL

07/02/2008 Party(s): CAROLYN KASE DO,RAYMOND STONE DO
OTHER FILING - OTHER DOCUMENT FILED ON 07/01/2008
DEF'S OPPOSITION TO PLT'S (SECOND) MOTION TO ENLARGE TIME TO OPPOSE DEF'S MOTION FOR
SUMMARY JUDGMENT JUSTICE WHEELER RESPONDED TO OPPOSITION BY STATING THAT THERE IS NO
ACTION NECESSARY AND THE COURT WILL NOT FURTHER GRANT PLT'S ANY EXTENSION BEYOND 7/25/08

07/30/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/29/2008
TO FILE REPLY BRIEF ON MOTION FOR SUMMARY JUDGMENT

08/01/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/01/2008
JOYCE A WHEELER , JUDGE
THE DEADLINE FOR DEFENDANTS TO FILE THEIR REPLY STATEMENT AND REPLY BRIEF TO MOTION FOR
SUMMARY JUDGMENT IS AUGUST 8, 2008. COPIES TO COUNSEL ON 8-1-08

08/11/2008 Party(s): DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/08/2008
MOTION FOR LEAVE TO EXCEED PAGE LIMIT

09/11/2008 Party(s): SISTERS OF CHARITY HEALTH SYSTEM, INC

OTHER FILING - AFFIDAVIT FILED ON 09/08/2008
OF SUSAN KEILER IN RELATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT    REC'D 09-15-08:
DEFENDANTS' OBJECTION  TO FILE AFFIDAVIT

09/24/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/24/2008
JOYCE A WHEELER , JUDGE

10/23/2008 Party(s):  DOUGLAS FARRAGO MD, CAROLYN KASE DO, RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/23/2008
JOYCE A WHEELER , JUDGE
COPIES TO PARTIES/COUNSEL

10/23/2008 Party(s):  DOUGLAS FARRAGO MD, CAROLYN KASE DO, RAYMOND STONE DO
MOTION - MOTION SUMMARY JUDGMENT DENIED ON 10/23/2008
JOYCE A WHEELER , JUDGE
ORDER FILED.  COPIES TO PARTIES ON 10-23-08

10/27/2008 ORDER - PRETRIAL/STATUS ENTERED ON 10/21/2008
JOYCE A WHEELER , JUDGE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

10/27/2008 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 11/20/2008 @ 9:00
NOTICE TO PARTIES/COUNSEL

10/27/2008 TRIAL - JURY TRIAL SCHEDULED FOR 12/09/2008

10/31/2008 Party(s):  DOUGLAS FARRAGO MD
ATTORNEY - RETAINED ENTERED ON 10/30/2008
Defendant's Attorney: MARC N FRENETTE

Party(s):  CAROLYN KASE DO
ATTORNEY - RETAINED ENTERED ON 10/30/2008
Defendant's Attorney: MARC N FRENETTE

10/31/2008 Party(s):  RAYMOND STONE DO
ATTORNEY - RETAINED ENTERED ON 10/30/2008
Defendant's Attorney: MARC N FRENETTE

10/31/2008 Party(s):  DOUGLAS FARRAGO MD, CAROLYN KASE DO, RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 10/30/2008
FOR FILING MOTIONS IN LIMINE

11/03/2008 Party(s):  DOUGLAS FARRAGO MD, CAROLYN KASE DO, RAYMOND STONE DO
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 10/31/2008
JOYCE A WHEELER , JUDGE
THE PARTIES ARE GRANTED UP TO NOVEMBER 28, 2008 TO FILE ANY AND ALL MOTIONS IN LIMINE.
COPIES TO COUNSEL ON 11-3-08

11/18/2008 Party(s):  DOUGLAS FARRAGO MD, CAROLYN KASE DO, RAYMOND STONE DO
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 11/17/2008
DEF'S

Printed on: 05/14/2010

11/18/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          JURY FILING - PROPOSED VOIR DIRE FILED ON 11/17/2008
          DEF'S

11/18/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          JURY FILING - PROPOSED JURY INSTRUCTIONS FILED ON 11/17/2008
          DEF'S

11/18/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          JURY FILING - PROPOSED SPECIAL VERDICT FORM FILED ON 11/17/2008
          DEF'S

11/19/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          JURY FILING - PROPOSED VOIR DIRE FILED ON 11/17/2008

11/19/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 11/17/2008

11/21/2008 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 11/20/2008
          JOYCE A WHEELER , JUDGE
          Defendant's Attorney: MICHAEL POULIN
          Plaintiff's Attorney:  JAMES MARTEMUCCI
          KENNETH ALBERT, ESQ. AND MARC FRENETTE, ESQ.

11/21/2008 ORDER - CONFERENCE REPORT & ORDER ENTERED ON 11/20/2008
          JOYCE A WHEELER , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

11/21/2008 HEARING - SETTLEMENT CONFERENCE SCHEDULED FOR 11/26/2008
          NOTICE TO PARTIES/COUNSEL

11/24/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          ATTORNEY - RETAINED ENTERED ON 11/24/2008
          Plaintiff's Attorney: L JOHN TOPCHIK

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
          WITNESS SUBPOENA OF DEBORAH A. LEARSON, M.D. WITH PROPOSED ORDER   REC'D 12-04-08:
          DEFENDANTS' OPPOSITION FILED.

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
          WITNESS SUBPOENA OF MIRIAM BUCKBERG, M.D. WITH PROPOSED ORDER   REC'D 12-04-08:
          DEFENDANTS' OPPOSITION FILED.

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
          WITNESS SUBPOENA SANDRA CADWELL, APRN, BC WITH PROPOSED ORDER

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
          WITNESS SUBPOENA JAMES CASSIDY WITH PROPOSED ORDER  REC'D 12-04-08: DEFENDANTS'

OPPOSITION FILED.

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
WITNESS SUBPOENA PAUL DAVID, M.D. WITH PROPOSED ORDER  REC'D 12-04-08: DEFENDANTS'
OPPOSITION FILED.

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
WITNESS SUBPEONA JOHN GEISMAR, ESQ. WITH PROPOSED ORDER

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
WITNESS SUBPOENA JOHN ISAACSON WITH PROPOSED ORDER  REC'D 12-04-08: DEFENDANTS' OPPOSITION
FILED.

11/26/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION TO QUASH SUBPOENA FILED ON 11/26/2008
WITNESS SUBPOENA CAROLYN KASABIAN WITH PROPOSED ORDER  REC'D 12-04-08:  DEFENDANTS'
OPPOSITION FILED.

11/26/2008 HEARING - SETTLEMENT CONFERENCE HELD ON 11/26/2008
CARL O BRADFORD , JUSTICE
CASE DID NOT SETTLE

12/01/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
OTHER FILING - WITNESS LIST FILED ON 11/26/2008
DEFENDANT'S SUPPLEMENTAL

12/01/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 11/21/2008
SUSAN KEILER, JOHN ISAACSON, CAROLYN KASABIAN, JOHN GEISMAR, ESQ., PAUL DAVIS, JAMES
CASSIDY, DOUGLAS MILLER, MIRIAM BUCKBERG, DEBORAH LEARSON

12/01/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
SUBPOENA - SUBPOENA TO TESTIFY FILED ON 11/26/2008

12/01/2008 SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 11/24/2008
SANDRA CADWELL

12/01/2008 SUBPOENA - SUBPOENA TO TESTIFY FILED ON 11/26/2008

12/02/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - MOTION IN LIMINE FILED ON 12/01/2008
DEF TO EXCLUDE EVIDENCE OF INDEMNIFICATION OF DEFENDANTS

12/02/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
MOTION - MOTION IN LIMINE FILED ON 12/01/2008
PLT WITH MEMORANDUM OF LAW ADDRESSING EVIDENTIARY AND LEGAL ISSUES RAISED BY THE COURT AND
COUNSEL AT TRIAL MANAGEMENT CONFERENCE REC'D 12-04-08:  DEFENDANTS' OPPOSITION FILED.

12/03/2008 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
MOTION - OTHER MOTION FILED ON 11/17/2008

DEF MOTION TO SPECIFY MATERIAL FACTS NOT IN CONTROVERSY  REC'D 12-03-08:  PLT'S OBJECTION
FILED.

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 12/03/2008
          THROUGH JAMES CASSIDY OF SISTERS OF CHARITY

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY FILED ON 12/04/2008

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 12/03/2008
          JON OXMAN FOR L/A INTERNAL MEDICINE ASSOC.

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY FILED ON 12/04/2008

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 12/03/2008
          PAUL RACZYNSKI FOR L/A INTERNAL MEDICINE ASSOC.

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY FILED ON 12/04/2008

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY SERVED ON 12/03/2008
          KENNETH BRODSKY FOR L/A INTERNAL MEDICINE ASSOC.

12/05/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          SUBPOENA - SUBPOENA TO TESTIFY FILED ON 12/04/2008

12/11/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 12/09/2008
          WITH MEMORANDUM OF LAW, DRAFT ORDER, REC'D ON 12/10/2008 CERTIFICATE OF SERVICE  ON
          MICHAEL POULIN, ESQ.

12/11/2008 HEARING - PRETRIAL/STATUS HELD ON 12/08/2008
          JOYCE A WHEELER , JUDGE
          Defendant's Attorney: MICHAEL POULIN
          Plaintiff's Attorney:  JAMES MARTEMUCCI
          L. JOHN TOPCHIK, ESQ. AND KENNETH ALBERT, ESQ. FOR THE PLAINTIFF TAPE 313 INDEX 5647-END
          AND TAPE 315 INDEX 1-796.

12/11/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 12/10/2008
          OF DR KENNETH BRODSKY AND DR. PAUL RACZYNSKI WITH PROPOSED ORDER

12/11/2008 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION TO QUASH SUBPOENA FILED ON 12/10/2008
          OF JAMES CASSIDY WITH PROPOSED ORDER

12/23/2008 ORDER - COURT ORDER ENTERED ON 12/15/2008
          JOYCE A WHEELER , JUDGE

IT IS HEREBY ORDERED:  1.  THE NONJURY TRIAL IS CONTINUED TO MARCH 1, 2009; 2.  DISCOVERY ON THE SPECIFIC ISSUES RAISED BY THE ABOVE-DESCRIBED DISPUTE IS CONTINUED TO FEBRUARY 15, 2009; 3.  DEFENDANTS MAY SUBMIT A REQUEST FOR REASONABLE AND NECESSARY ATTORNEY'S FEES GENERATED BY THIS DISPUTE;  4.  THE CASE WILLB E ASSIGNED A TRIAL DATE IN MARCH 2009; 5. BETWEEN, FEBRUARY 15 AND MARCH 1, 2009, THE PARTIES SHALL RETURN TO A JUDICIAL SETTLEMENT CONFERENCE WITH J. BRADFORD, IF HE IS AVAILABLE.  THE CLERK SHALL INCORPORATE THE ORDER INTO THE DOCKET BY REFERENCE PURSUANT TO M.R.CIV.P 79(A).  COPIES TO COUNSEL

12/23/2008 TRIAL - JURY TRIAL CONTINUED ON 12/12/2008

12/30/2008 TRIAL - BENCH SCHEDULED FOR 03/24/2009 @ 9:00

02/06/2009 HEARING - SETTLEMENT CONFERENCE SCHEDULED FOR 02/25/2009
           NOTICE TO PARTIES/COUNSEL

02/26/2009 HEARING - SETTLEMENT CONFERENCE HELD ON 02/25/2009
           CARL O BRADFORD , JUSTICE
           CASE DID NOT SETTLE

03/04/2009 HEARING - PRETRIAL/STATUS HELD ON 03/04/2009
           THOMAS E DELAHANTY II, JUSTICE
           Defendant's Attorney: MICHAEL POULIN
           Plaintiff's Attorney:  L JOHN TOPCHIK
           DEPOSITIONS DISCUSSED.  PRETRIAL TO CONTINUE ON 3-19-09.

03/13/2009 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/13/2009
           THOMAS E DELAHANTY II, JUSTICE

03/31/2009 TRIAL - BENCH HELD ON 03/24/2009
           THOMAS E DELAHANTY II, JUSTICE
           Defendant's Attorney: MICHAEL POULIN
           Plaintiff's Attorney:  L JOHN TOPCHIK          Reporter: PENNY PHILBRICK-CARVER
           KENNETH ALBERT, ESQ. FOR THE PLAINTIFF.  OPENING STATEMENTS WAIVED.  TESTIMONY BEGINS.
           CASE TO CONTINUE ON 3-24-09 AT 9:00 A.M.

03/31/2009 TRIAL - BENCH HELD ON 03/25/2009
           THOMAS E DELAHANTY II, JUSTICE
           Defendant's Attorney: MICHAEL POULIN
           Plaintiff's Attorney:  L JOHN TOPCHIK          Reporter: PENNY PHILBRICK-CARVER
           KENNETH ALBERT, ESQ. FOR THE PLAINTIFF.  TESTIMONY CONTINUES.  TRIAL RECESSES FOR
           SETTLEMENT NEGOTIATIONS.  TRIAL RESUMES.  STIPULATIONS READ INTO EVIDENCE.  DEPOSITION OF
           JOHN GEISMAR, ESQ. PLACED INTO EVIDENCE.  DEFENDANT MOVES FOR JUDGMENT, DENIED.  CLOSING
           ARGUMENTS AND PROPOSED FINDINGS OF FACTS TO BE FILED BY APRIL 24, 2009.

03/31/2009 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 03/31/2009
           TO FILE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

04/01/2009 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/31/2009
           THOMAS E DELAHANTY II, JUSTICE
           IT IS HEREBY ORDERED THAT THE TIME TO FILE PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
           LAW IS EXTENDED UP TO AND INCLUDING MAY 8, 2009.  COPIES TO COUNSEL ON 4-1-09

04/17/2009 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/17/2009
          TO RESPOND TO MOTION TO EXCLUDE OR LIMIT USE OF DAMAGES EVIDENCE

04/23/2009 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/22/2009
          THOMAS E DELAHANTY II, JUSTICE
          COPIES TO PARTIES/COUNSEL

04/23/2009 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          MOTION - OTHER MOTION FILED ON 04/02/2009
          MOTION TO EXCLUDE OR LIMIT USE OF DAMAGES EVIDENCE(DEF)  REC'D 04-30-09:  PLT'S OBJECTION
          TO MOTION FILED.  REC'D 5-6-09:  REPLY MEMORANDUM  FILED.

05/12/2009 Party(s):  DOUGLAS FARRAGO MD,CAROLYN KASE DO,RAYMOND STONE DO
          OTHER FILING - PROPOSED FINDINGS OF FACT FILED ON 05/08/2009
          DEFENDANTS

05/12/2009 Party(s):  SISTERS OF CHARITY HEALTH SYSTEM, INC
          OTHER FILING - PROPOSED FINDINGS OF FACT FILED ON 05/08/2009
          PLAINTIFF'S

05/04/2010 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/03/2010
          THOMAS E DELAHANTY II, JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

          ORDER - COURT JUDGMENT ENTERED ON 05/03/2010
          THOMAS E DELAHANTY II, JUSTICE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL                                             SEE ORDER
          Judgment entered on COUNT 1 for SISTERS OF CHARITY HEALTH SYSTEM, INC and against DOUGLAS
          FARRAGO MD in the amount of $100000.00.
          Judgment entered on COUNT 2 for SISTERS OF CHARITY HEALTH SYSTEM, INC and against CAROLYN KASE
          DO in the amount of $100000.00.
          Judgment entered on COUNT 3 for SISTERS OF CHARITY HEALTH SYSTEM, INC and against RAYMOND STONE
          DO in the amount of $100000.00. THE COURT DETERMINES THAT TO ENFORCE THE CONTRACT BY
          PROHIBITING THE DEFENDANTS FROM PRACTICING IN THE LOCAL AREA AND FROM REFERRING OR ADMITTING
          PATIENTS TO CENTRAL MAINE MEDICAL CNETER WOULD NOT BE IN THE BEST INTERESTS OF OVER 1300
          PATIENTS AND IS DETRIMENTAL TO THEIR HEALTHCARE NEEDS AND THE ADVERSE IMPACT TO THE PATIENTS
          WOULD OUTWEIGH ANY HARM TO THE PLAINTIFF. WHEREAS THE LIQUIDATED DAMAGES PROVISION OF EACH
          CONTRACT OS REASONABLE UNDER THE CIRCUMSTANCES, IT IS ORDERED, ADJUDGED, AND DECREED THAT THE
          PLAINTIFF IS AWARDED DAMAGES OF 100,000 TO BE PAID BY EACH DEFENDANT, SEVERALLY. PLAINTIFF,
          SISTERS OF CHARITY HEALTH SYSTEMS INC IS ENTITLED TO COSTS AND INTEREST AS ALLOWED BY STATUTE
          AND RULE. THE PLAINTIFF IS AWARDED REASONABLE ATTORNEY'S FEES. COUNSEL FOR PLAINTIFFS SHALL
          SUBMIT TO THE COURT A STATEMENT OF SERVICES RELATIVE TO PROSECUTION OF PLAINTIFF'S CLAIMS,
          SUPPORTED BY AFFIDAVIT. COUNSEL FOR DEFENDANTS MAY OPPOSE THE REQUEST PURSUANT TO M.R.CIV.P.
          7(C)(2). SO ORDERED.

05/04/2010 FINDING - FINAL JUDGMENT CASE CLOSED ON 05/04/2010

A TRUE COPY
ATTEST: _____
                    Clerk